1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND D. JACKSON,

11              Plaintiff,                    No. CIV S-07-0397 MCE KJM P

12        vs.

13   MARTIN VEAL, et al.,

14              Defendant.                    ORDER

15   _____/

16              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the

26   preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1    collected and forwarded by the appropriate agency to the Clerk of the Court each time the

2    amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

3    § 1915(b)(2).

4           The court is required to screen complaints brought by prisoners seeking relief

5    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

6    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

7    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may

8    be granted, or that seek monetary relief from a defendant who is immune from such relief.  28

9    U.S.C. § 1915A(b)(1),(2).

10          A claim is legally frivolous when it lacks an arguable basis either in law or in

11   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

12   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

13   indisputably meritless legal theory or where the factual contentions are clearly baseless.

14   Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

15   inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

16   639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

17          A complaint, or portion thereof, should only be dismissed for failure to state a

18   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

19   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

20   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

21   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

22   complaint under this standard, the court must accept as true the allegations of the complaint in

23   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

24   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

25   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

26   /////

1   The court finds the allegations in plaintiff's amended complaint[1] so vague and

2   conclusory that the complaint fails to state a claim for relief under federal law.  Although the

3   Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair

4   notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev.

5   Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

6   particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's

7   amended complaint must be dismissed.  The court will, however, grant leave to file a second

8   amended complaint.

9   If plaintiff chooses to file a second amended complaint, plaintiff must

10   demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

11   constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint

12   must allege in specific terms how each named defendant is involved.  There can be no liability

13   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

14   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

15   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

16   1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

17   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18   Plaintiff appears to assert he was injured on a handball court that was in disrepair.

19   Under the Eighth Amendment prison officials have a duty to "take reasonable measures to

20   guarantee the safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting

21   Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are

22   violated by a prison official if that official exposes an inmate to a "substantial risk of serious

23   harm," while displaying "deliberate indifference" to that risk.  Id. at 834.  As it stands, the

24   allegations in plaintiff's complaint demonstrate, at most, that some of the defendants may have

25   

26   [1] Plaintiff filed an amended complaint on April 10, 2007.  The court screens this complaint under Federal Rule of Civil Procedure 15(a).

3

acted negligently.  However, the facts alleged do not demonstrate deliberate indifference.
Plaintiff will be allowed to amend his complaint if he is able to while fully complying with
Federal Rule of Civil Procedure 11.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in
order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
amended complaint be complete in itself without reference to any prior pleading.  This is
because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux
v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
original complaint, each claim and the involvement of each defendant must be sufficiently
alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
The fee shall be collected and paid in accordance with this court's order to the Director of the
California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's amended complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file a
second amended complaint that complies with the requirements of the Civil Rights Act, the
Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended
complaint must bear the docket number assigned this case and must be labeled "Second
Amended Complaint"; plaintiff must file an original and two copies of the second amended
complaint; failure to file a second amended complaint in accordance with this order will result in
a recommendation that this action be dismissed.

DATED:  June 6, 2007.

1/jack0397.14(4.10.07)

_____
U.S. MAGISTRATE JUDGE

4