IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON,

    Plaintiff,                      No. CIV S-07-0397 MCE KJM P

    vs.

MARTIN VEAL, et al.,

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. On November 12, 2007, the court ordered that service of process was appropriate for defendant Hurtado. Defendant Hurtado has now filed a motion to dismiss.

        Defendant Hurtado asserts that plaintiff's complaint fails to state a claim against him upon which relief can be granted. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic

1

1  Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007).  However, "[s]pecific facts are
2  not necessary; the statement [of facts] need only give the defendant fair notice of what the claim
3  is and the grounds upon which it rests."  Erickson, 127 S. Ct. 2197 at 2200.

4         In his second amended complaint, plaintiff alleges he was injured while playing
5  handball at the California Medical Facility (CMF).  Plaintiff asserts he played handball only after
6  defendant Hurtado informed plaintiff that the handball courts were safe.  Plaintiff alleges,
7  however, that only one court appeared to be safe to him and that as he was playing on that court,
8  he tripped over concrete "protruding from a trench from around the opposite handball court. . ."
9  Specifically, he indicates he was injured "as the game progressed [on the one court he thought
10 was safe], running to make a play," and that it was at this point that he tripped over the
11 protruding concrete.  Second Am. Compl. at 7:11-14.  Plaintiff contends Hurtado should have
12 known the handball courts were unsafe, and so should not have encouraged plaintiff to play on
13 them.  Id. at 5:4-23, 8:20-9:2.  A part of plaintiff's claim is that Hurtado continued to ignore the
14 obvious need for further repair of the courts; plaintiff's injury occurred approximately two
15 months after Hurtado told him the handball courts had been repaired.  Id. at 5, 7.

16        The Eighth Amendment's prohibition on cruel and unusual punishment imposes
17 on prison officials, among other things, a duty to "take reasonable measures to guarantee the
18 safety of the inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer,
19 468 U.S. 517, 526-27 (1984)).  An inmate's Eighth Amendment rights are violated by a prison
20 official if that official exposes an inmate to a "substantial risk of serious harm," while displaying
21 "deliberate indifference" to that risk.  Id. at 834.

22        Defendant Hurtado argues, among other things, that plaintiff could have protected
23 himself from the condition that caused him harm, in light of plaintiff's admission he was aware
24 of potential hazards in the vicinity in which he played handball.  Therefore, defendant argues, he
25 should not be held liable for plaintiff's injuries.  In his complaint, plaintiff does indicate he was
26 aware that the other courts, except the one upon which he chose to play, "appeared to remain a

1  hazard area." Id. at 5:15-21.  In his opposition to defendant's motion to dismiss, however,
2  plaintiff indicates he was not aware of the hazard from the "opposite" court on the day he was
3  injured.  Opp'n at 8-14 & Ex. L (Decl. of Raymond Jackson ¶ 9).  While it is not entirely clear,
4  plaintiff's position, as supported by his declaration, appears to be that the repairs Hurtado
5  ordered and oversaw resulted in certain hazards (although not all) being obscured such that when
6  plaintiff engaged in normal play on the only court he thought was safe, his running off the edge
7  of the court, onto an area in between two courts he thought was safe, propelled him onto an
8  unseen hazard that led to his tripping and falling and injuring himself.

9  Even construing plaintiff's claim in this way, in the light most favorable to him,
10 does not save his complaint from dismissal when it is scrutinized in light of the record on
11 defendant's motion.  Plaintiff's claim is, in essence, a claim of negligence.  Neither negligence
12 nor gross negligence translates to a constitutional deprivation, even if it causes injury.  Farmer v.
13 Brennan, 511 U.S. 825, 835-36 (1994); cf. Daniels v. Williams, 474 U.S. 327, 331 (1986) (no
14 due process violation when prisoner injured himself by slipping on pillow left on the floor); see
15 also Jackson v. State of Arizona, 885 F.2d 639, 641 (9th Cir. 1989) (claim of slippery floors does
16 not state a cause of action under the civil rights act).  While defendant's conduct here may have
17 been negligent, as alleged it was not tantamount to a desire to inflict harm or indifference to the
18 infliction of harm.

19 Defendant Hurtado also asserts he is immune from plaintiff's claims under the
20 doctrine of qualified immunity.  Government officials performing discretionary functions
21 generally are shielded from liability for civil damages insofar as their conduct does not violate
22 clearly established statutory or constitutional rights of which a reasonable person would have
23 known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In determining whether a governmental
24 officer is immune from suit based on the doctrine of qualified immunity, the court must answer
25 two questions.  The first is, taken in the light most favorable to the party asserting the injury, do
26 the facts alleged show the officer's conduct violated a constitutional right?  Saucier v. Katz, 533

1  U.S. 194, 201 (2001).  A negative answer ends the analysis, with qualified immunity protecting
2  defendant from liability.  Id.  If a constitutional violation occurred, a court must further inquire
3  "whether the right was clearly established."  Id.

4        As indicated above, the facts alleged by plaintiff, taken in the light most favorable
5  to plaintiff, do not support a finding that defendant Hurtado violated plaintiff's constitutional
6  rights.  Therefore, defendant Hurtado also is protected from suit by the doctrine of "qualified
7  immunity."

8        In accordance with the above, IT IS HEREBY RECOMMENDED that:
9      1.  Defendant Hurtado's motion to dismiss (#16) be granted; and
10     2.  This action be dismissed.

11       These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
13 days after being served with these findings and recommendations, any party may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
16 shall be served and filed within ten days after service of the objections.  The parties are advised
17 that failure to file objections within the specified time may waive the right to appeal the District
18 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19 DATED:  September 16, 2008.

_____
U.S. MAGISTRATE JUDGE

1
26  jack0397.157